THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANNA ROTUNNO, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Department, October 14, 1936.

*Roe S. Giardelli,* for the appellant.

*William C. Dodge, District Attorney of New York County [Edwin J. Talley of counsel],* for the respondent.

KERNOCHAN, P. J. This is an appeal from a judgment of the City Magistrates' Court convicting the appellant of disorderly conduct.

It appears that on May 31, 1935, at nine P. M., the City College had donated a room to an organization of midwives for the purpose of instructing them on the new rules of relief to maternity workers.

This was one of a series of meetings, and it appears that the appellant had not been in sympathy with the complainant who had arranged for these meetings.

The evidence in the case is conflicting, for the appellant contradicts everything that the People's witnesses testified to. The appellant was the only witness called by the defense, and the magistrate was justified in resolving the facts against her.

It is amply established by the testimony that the appellant circulated a slip of paper at and before the meeting calling the complainant a demented creature, an imposter, a quack, a hypocrite, a traitor and a snake; also a rat, a stool pigeon, a racketeer and a parasite. Not content with this vituperation, she shouted these epithets in the meeting itself, throwing it into great confusion, and was finally led out by a police officer at the request of complainant.

One may easily infer from the testimony that the appellant went to the meeting for the express purpose of causing a disturbance, and the magistrate was fully justified in rendering a judgment of conviction. The suspension of sentence following the conviction was lenient in the extreme, and a much more severe sentence would be sustained by this court. It is common knowledge that individuals and groups of people frequently attend gatherings simply for the purpose of making a disturbance, in order to attract attention to themselves or some principle that they advocate; such offenders, when convicted, should be given severe sentences as a deterrent to others. In this case it is impossible to agree with the contention of the appellant that she only conducted herself in a way that she had a right to do, as an interested member of a meeting called for a specific purpose.

Judgment affirmed.

All concur. Present — KERNOCHAN, P. J., SOLOMON and VOORHEES, JJ.